IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

v.

TYREE DAVIS and ALANTA PRETENDS-EAGLE,

Defendants.

**8:25CR64**

**MEMORANDUM AND ORDER**

This matter is before the Court on separate motions to suppress filed by defendants Tyree Davis ("Davis") (Filing No. 46) and Alanta Pretends-Eagle ("Pretends-Eagle" and together, the "defendants") (Filing No. 57). They both seek to suppress all evidence obtained by law enforcement in January 2025 in violation of their rights under the Fourth Amendment to the United States Constitution. U.S. Const. Amend IV (protecting "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures").

On March 27, 2026, the magistrate judge[1] held a joint evidentiary hearing on the defendants' motions. *See* 28 U.S.C. § 636(b)(1)(B) (authorizing magistrate judges to conduct evidentiary hearings "and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of motions to suppress); Fed. R. Crim. P. 59(b) (same). After reviewing the record and the parties' respective arguments, the magistrate judge issued a Findings and Recommendation (Filing No. 93) recommending the Court grant some—but not all—of the requested relief.

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

To start, the magistrate judge assumed Davis had "standing" to challenge the search of a black Jeep Renegade (the "Jeep") Pretends-Eagle drove to drop him of at the state probation office but concluded a subsequent law-enforcement search of the Jeep did not violate Davis's Fourth Amendment rights. In short, he determined "the warrantless search of the Jeep was supported by probable cause following the certified drug dog's indication to the odor of narcotics." (Footnote omitted.)

The magistrate judge likewise rejected Davis's challenge to certain searches and seizures connected to Apartment #2107 at the Prairie Spring Apartment Complex, finding Davis lacked "standing" to make that challenge. The magistrate judge stated he would have alternatively recommended denying that challenge on the merits. Finally, the magistrate judge concluded that officers had probable cause to arrest and search Davis a few minutes after he arrived at the probation office on January 14, 2025. Based on that analysis, the magistrate judge recommends denying Davis's motion to suppress.

Pretends-Eagle fared a little better than Davis. Reviewing the totality of the circumstances of Pretends-Eagle's interaction with law enforcement, the magistrate judge found that Omaha Police Officer Matthew Keenan ("Officer Keenan") violated her Fourth Amendment rights when he "immediately removed her from the Jeep, patted her down, and handcuffed her" without "knowing her identity or articulating any specific belief that [she] was engaged in criminal activity." *See United States v. Slater*, 979 F.3d 626, 629 (8th Cir. 2020) (requiring reasonable suspicion for a stop and frisk). He further concluded, "Because law enforcement obtained incriminating statements and items of evidentiary value from Pretends-Eagle's person directly from her illegal detention and frisk without reasonable suspicion she was armed and dangerous, they should be suppressed as evidence against her as fruit of the poisonous tree." *See Wong Sun v. United States*, 371 U.S. 471, 487-89 (1963).

But Pretends-Eagle's success ended there. The magistrate judge found that "the drug dog sniff and indication to the odor of narcotics of the Jeep and resulting warrantless

search were not direct products of Pretends-Eagle's illegal detention." As such, he recommends that "evidence resulting from the search [of the Jeep] should not be suppressed as to her."

No one was happy with the magistrate judge's Findings and Recommendation. The government maintains none of the evidence the officers seized should be suppressed (Filing No. 101). In contrast, Davis contends that the magistrate judge erred in evaluating "standing' and at every step of his merits analysis (Filing No. 104). For her part, Pretends-Eagle applauds the finding of no reasonable suspicion but asserts that "her identification, statements at the time of the detention and booking process, the items found on her person and in the vehicle, and her buccal swab all be suppressed as fruits of a poisonous tree" (Filing No. 102).

Having conducted the requisite de novo review of this matter, *see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3), the Court agrees with the magistrate judge's analysis of these complicated Fourth Amendment issues. Put simply, the Court finds the officers did not violate Davis's constitutional rights. Although Officer Keenan did violate Pretends-Eagle's Fourth Amendment rights, not all of the challenged evidence is fruit of that poisonous tree.

Finding no merit in the parties' various objections,

IT IS ORDERED:

1. The parties' objections (Filing Nos. 101, 102, 104) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 93) is accepted.
3. Defendant Tyree Davis's Motion to Suppress (Filing No. 46) is denied.
4. Defendant Alanta Pretends-Eagle's Motion to Suppress (Filing No. 57) is granted in part and denied in part as set forth in the Findings and Recommendation.

Dated this 23rd day of July 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge